IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES CANTER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RWT-10-561 |
| BOBBY P. SHEARIN, | * | |
| RICHARD J. GRAHAM, JR., | | |
| FRANK B. BISHOP, JR., | * | |
| J. MICHAEL STOUFFER, | | |
| GARY D. MAYNARD, | * | |
| JASON HARBAUGH, | | |
| B. MCALPINE, and | * | |
| DALE SMITH | | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

The above-captioned Complaint was filed on March 4, 2010, together with a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, Plaintiff's Motion shall be granted.

Plaintiff alleges he has been denied a request to share a prison cell with Melvin Spires. He states his request was denied because he is openly homosexual and Spires is "on the down low." He claims prison officials have told him they do not want to condone homosexuality by allowing him to share a cell with Spires. Plaintiff states the decision to deny his cell request based on his sexuality violates his Eighth and Fourteenth Amendment rights.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that− (A) the allegation of poverty is untrue; or (B) the action or appeal− (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The instant claim fails to

state a claim upon which relief maybe granted.  There is no fundamental right to assignment to a double occupancy cell, nor to engage in homosexual acts within the confines of a prison.  See Veney v. Wyche, 293 F. 3d 726, 732 (4th Cir. 2002) (no equal protection violation where homosexual prisoners are segregated); see also Hernandez v. Coughlin, 18 F. 3d 133, 137 (2nd Cir. 1994) (no right to conjugal visits in prison).   While it may seem cruel for prison officials to deny Plaintiff's request for a cellmate of his choosing, such denial is not prohibited by the Eighth Amendment.  See Rhodes v. Chapman, 452 U. S. 337, 347 (1981) (conditions which are merely restrictive or even harsh, are part of the penalty that criminal offenders pay for their offenses against society).   Thus, the conduct described in the Complaint fails to state a constitutional claim and must be dismissed.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The instant case will be the first filed by Plaintiff that has been dismissed as frivolous.   For the reasons stated, this case will be dismissed by separate order.

March 15, 2010                                /s/
Date                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE